
**FILED**
**AUGUST 12, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN D. RUTLEDGE, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:08-CV-0127 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KEVIN D. RUTLEDGE. By his application, petitioner challenges a May 11, 2007, prison disciplinary proceeding wherein petitioner was found guilty of an undisclosed disciplinary violation at Bartlett State Jail in Williamson County, Texas.[1] As a result of the disciplinary proceeding, petitioner lost five days of previously accrued good time credits.[2]

Following his finding of guilt, petitioner filed a Step 1 grievance to appeal the disciplinary decision, which was denied on May 25, 2007. Petitioner did not file a Step 2 grievance until March 2008. Because petitioner did not file his Step 2 grievance within fifteen

---

[1] Petitioner was housed in the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Potter County, Texas, when he filed his petition in the Eastern District of Texas, Texarkana Division. That court ordered the instant cause transferred to the Northern District of Texas, Amarillo Division on May 13, 2008. Because petitioner was located in the Amarillo Division when he filed his petition, venue is proper. *See* 28 U.S.C. § 2241(d).

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

days of the denial of his Step 1 grievance, as required by Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) grievance policy, his appeal was denied on March 13, 2008. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

I.
STATE COURT CONVICTION

According to petitioner, he is in the lawful custody of TDCJ-CID as a result of a December 13, 2006, judgment and sentence out of the 118th Judicial District Court of Howard County, Texas, for the offense of possession of a controlled substance.

Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 200700250395 in the following respects:

1. Proper procedure was not followed when petitioner reported a threat to a prison officer;

2. Petitioner was wrongfully charged with a disciplinary violation in

light of his attempt to notify officials and prevent an incident;[3]

3. Petitioner suffered injuries as a result of the incident giving rise to the disciplinary violation; and,

4. Petitioner's release date was negatively impacted by the punishment decision arising out of the disciplinary proceeding.

III.
## EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. However, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[4]

---

[3]Petitioner does not state anywhere in his petition what specific violation he was found guilty of, nor does he give more than a handful of vague facts in support of his claims.

[4]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim.

As stated previously, petitioner filed a Step 1 grievance, but failed to timely file a Step 2 grievance. Because petitioner's Step 2 grievance was not timely, it was rejected as procedurally barred. Thus, it appears to the Court that petitioner's claims were never properly exhausted and are procedurally barred.[5] For this reason, petitioner's claims should be dismissed for failure to exhaust and as procedurally barred.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner KEVIN D. RUTLEDGE is without merit and should be, in all things, DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of August 2008.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

App. 1988).

[5] *See Coleman v. Thompson*, 501 U.S. 722, 729-730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) (federal habeas courts are barred from considering claims when a petitioner fails to satisfy state procedural requirements as to those claims).

# *  NOTICE OF RIGHT TO OBJECT  *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).